IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**ELIZABETH BOYETT SMITH,**

    Petitioner,

vs.                                              Case No. 4:10cv406-SPM/WCS

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. The filing fee was paid.

Petitioner challenges the sentence imposed by the Eastern District of Louisiana. Doc. 1, p. 2. Petitioner filed a 28 U.S.C. § 2255 motion in the sentencing court, and the motion was denied. *Id.* Here, Petitioner asserts that her sentencing was unreasonable, and that Congress did not intend to authorize separate, consecutive punishments for arson and use of fire to commit a felony. She asserts that she was entitled to a concurrent sentence, and the district court had discretion to impose a concurrent sentence, for the latter offense under 18 U.S.C. § 844(h). She also asserts counsel was ineffective for failing to raise the claim, which resulted in procedural default.

At the outset, Petitioner raised a similar (if not the same) argument on direct appeal. United States v. Smith, 354 F.3d 390 (5th Cir. 2003), *cert. denied,* 541 U.S. 953 (2004). But even if she had not, a challenge to a sentence is cognizable by motion filed pursuant to 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e).

On the section of the § 2241 form for explaining why the § 2255 remedy is inadequate or ineffective, Petitioner states:

> I felt that it was more than adequate with Exhibits, however the court I felt was not going to render fairness regardless of what was presented. There existed a multitude of unheard evidence as exhibited here but not presented as defense at trial.

Doc. 1, p. 3. In the attached memorandum of law, Petitioner claims that she filed a second or successive § 2255 motion with the Fifth Circuit Court of Appeals which was dismissed for failure to prosecute, due to her inability to provide copies of the original § 2255 motion. Doc. 1, attached memorandum, p. 2 (doc. 1, p. 8 of the document as

scanned into the electronic docket).  Petitioner claims she is indigent and could not afford to copy the voluminous first § 2255 motion (a copy of which is attached to the § 2241 petition as Ex. A).  *Id.*[1]

The Eleventh Circuit has said, "that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir.1999); *see also* Gilbert v. United States, __ F.3d __, 2011 WL 1885674, at *24 (11th Cir. May 19, 2011) (noting that the actual holding of Wofford, "is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.").  Petitioner does not identify any new law upon which her claim is based, or why she could not have raised the claim previously, instead asserting that counsel procedurally defaulted the claim.  Doc. 1, p. 4.  Her arguments (noted above) as to the inadequacy of § 2255 remedy are facially insufficient to show entitlement to proceed under the savings clause.

---

[1] The Fifth Circuit's docket, available in PACER (Public Access to Electronic Records), reflects that Petitioner filed a motion for authorization to file a second or successive § 2255 motion in case number 10-30147.  A letter dated February 24, 2010, advised Petitioner that copies of the proposed § 2255 motion, the previous § 2255 motion, and any related opinions and recommendations must be submitted; and further advised that if those documents could not be obtained then an affidavit should be filed explaining the steps taken to obtain the documentation.  Petitioner responded by letter of March 21, 2010, stating that she was unable to pay for copies of the original § 2255 motion.  By letter of March 31, 2010, an extension of time was granted and Petitioner advised that she must still provide a copy of the § 2255 motion she sought authorization to file.  The motion for authorization to file a second or successive § 2255 motion was denied on April 28, 2010, for failure to comply with the direction of February 24, 2010.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging Petitioner's sentence imposed in the Eastern District of Louisiana, be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on May 26, 2011.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**